UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERIC WILLIAM EMM, JR. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: 5:20-cv-455 |
| | § | |
| DOLGENCORP OF TEXAS, INC., D/B/A | § | |
| DOLLAR GENERAL, D/B/A DOLLAR | § | |
| GENERAL CORPORATION | § | |

**DEFENDANT DOLGENCORP OF TEXAS INC.'S NOTICE OF REMOVAL**

Defendant Dolgencorp of Texas, Inc. (hereinafter referred to as "Dollar General") hereby removes this lawsuit which is currently pending in the 131st District Court of Bexar County Texas, Cause No. 2020-CI-05458, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §§ 1441 and 1446.  In support, Defendant would respectfully show as follows:

**I.**
**FACTUAL BACKGROUND OF STATE COURT ACTION**

1.      On or about March 13, 2020, Plaintiff filed his Original Petition in the matter styled *Eric William Emm, Jr. vs. DolgenCorp of Texas, Inc., D/B/A Dollar General, D/B/A Dollar General Corporation*, Cause No. 2020-CI-05458, in the 131st District Court, Bexar County, Texas (hereinafter referred to as the "State Court Action").  *See* <u>Exhibit A</u> (Plaintiff's Original Petition).

2.      Dollar General was served with Plaintiff's Original Petition on March 20, 2017. *See* <u>Exhibit B</u> (Citation of Service).

3.      In his Petition, Plaintiff alleges that he was an invitee at Dollar General's business located at 5603 Stahl Road, San Antonio, Texas 78247 when he alleges that he slipped on blue liquid. *See* <u>Exhibit A</u> at § V.

4.      Plaintiff asserts a cause of action for negligence in the form of premises liability against Dollar General.  *Id.* at §§ VI and VII.  Plaintiff alleges he sustained physical injuries caused by this accident. *Id.* at § VI.  In addition, Plaintiff seeks damages for pain and suffering, past and future mental anguish, past and future medical expenses, and past and future disfigurement. *Id.*

5.      This Notice of Removal is timely filed within thirty days after receipt of a copy of Plaintiff's original petition.  *See* 28 U.S.C. § 1446(b)(1).

6.      No orders have been signed by the State Court judge.  No hearings are currently scheduled in the State Court Action. The State Court Action is pending within this district and division, as is required for removal by 28 U.S.C. § 1441(a).

7.      The State Court's Record Search including Case History for this matter is attached hereto.  *See* <u>Exhibit C</u> (State Court's Record Search).

## II.
### BASIS FOR REMOVAL

8.      Removal is proper based on diversity of citizenship under 28 U.S.C. §1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy exceeds $75,000.

### A.      Complete Diversity of Citizenship

9.      A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence, with the intent to remain there

indefinitely.  *See Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555 (5th Cir. 1985). Here, Plaintiff's pleading asserts that he resides in Bexar County, Texas.  Plaintiff has not pled any other facts of his residency, intention to leave Texas, or domiciles in other States.  *Id.* Accordingly, Dollar General asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas.

10.     As to Dollar General, a corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated, and (2) the U.S. state or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Dollar General is a foreign corporation incorporated under the laws of the State of Kentucky and its principal place of business is in Davidson County, Goodlettsville, Tennessee, located at 100 Mission Ridge, Goodlettsville, Tennessee 37072.  Accordingly, Dollar General is a citizen of Kentucky and Tennessee, and is not a citizen of Texas.

## B.     Amount in Controversy

11.     The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).  The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."  *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).  If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a *legal certainty*, he will not be able to recover more than the damages

for which he has prayed in the state court complaint.  *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

12.     As detailed below, Defendant can show that the amount in controversy exceeds $75,000.00 because it is apparent from the face of the petition.

*Amount is Facially Apparent*

13.     If a plaintiff seeks monetary relief and demands an amount that exceeds the minimum jurisdictional amount of $75,000.00 (excluding interest and costs), the defendant can rely on that demand to meet the jurisdictional requirement.  *See S.W.S. Erectors Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996).  Here, Plaintiff's pleading indicates that the damages sought are between $200,000 and $1,000,000.  *See Plaintiff's Original Petition* § XIII.

14.     As Dollar General can rely on such a demand in a pleading, the jurisdictional amount is established on the face of the petition, making removal proper.

15.     Accordingly, since the claim made basis of this suit exceeds the jurisdictional limits of $75,000.00, as established by the objective, competent evidence, this Court has original jurisdiction, and removal is proper.

**IV.**
**VENUE**

16.     Venue is proper in this Court under 28 U.S.C. § 1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

WHEREFORE, Defendant Dolgencorp of Texas, Inc requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

By: /s/ Michael M. Novak

**Robert E. Valdez**
State Bar No.20428100
revaldez@valdeztrevino.com
**Michael M. Novak**
State Bar No. 24092905

VALDEZ & TREVIÑO
ATTORNEYS AT LAW, P.C.
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Telephone: (210) 598-8686
Facsimile: (210) 598-8797

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served upon all parties of record by electronic mail, facsimile, first class or certified mail, on April 13, 2020, pursuant to the requirements of Rule 21a, Tex. R. Civ. P.

J. Scott Mechler
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
*Attorneys for Plaintiff Eric William Emm, Jr.*
**_Via Electronic Service_**

/s/ Michael M. Novak
**Michael M. Novak**

{00586174}